IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

BRIAN MARTIN, )
)
        Plaintiff, )   Case No.
)
v. )
)
COUNTRY PREFERRED INSURANCE )
COMPANY, )
)
        Defendant. )

## NOTICE OF REMOVAL TO
## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TO THE HONORABLE JUDGES OF SAID COURT:**

The petitioner, Country Preferred Insurance Company, defendant herein, respectfully states to the Court:

1. That there was commenced and is now pending in the District Court of Wyandotte County, Kansas, a civil action in which Brian Martin is the plaintiff and the petitioner herein, Country Preferred Insurance Company, is the defendant, with said case captioned as *Brian Martin v. Country Preferred Insurance Company*, Case No. 14CV715.

2. That said action is a civil suit, of which this Court has original jurisdiction under the provisions of Title 28, U.S. Code, Section 1332, as amended, and is one which may be removed to this Court by petitioner, Country Preferred Insurance Company, defendant therein, pursuant to the provisions of Title 28, U.S. Code, Section 1332, in that it is a civil action wherein the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs,

and is between the citizens of different states. The amount in controversy is established by plaintiff's claim, which exceeds $75,000.00.

3. That petitioner shows that said cause of action involves a controversy between citizens of different states, to-wit:

    a. The plaintiff is now, and was at the commencement of this action, a citizen of the State of Kansas.

    b. That the petitioner, Country Preferred Insurance Company, is now, and was at the commencement of this action, a corporation incorporated under the laws of the State of Illinois and said corporation's principal place of business is now and was at the time the action was commenced in the State of Illinois.

    c. Plaintiff has attempted to name "Jane Doe" as a party. There is no "John Doe" practice and "Jane Doe" is an unknown person and not a proper defendant.

4. That this Notice is filed within thirty (30) days after receipt by defendants of a copy of plaintiff's Petition setting forth the claim for relief by plaintiff on which the action is based, wherein plaintiff has sought damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and therefore within the jurisdiction of this Court, and the time for filing this Notice under the statutes of this United States has not expired.

5. That written notice of the filing of this Notice will be properly given to all adverse parties as required by law, and a true and correct copy of this Notice will be filed with the Clerk of the District Court of Wyandotte County, Kansas, as provided by law.

6. That there is filed herewith, and by reference made a part hereof, a true and correct copy of all process, pleadings and orders filed in reference to the above-captioned matter in the District Court of Wyandotte County, Kansas.

WHEREFORE, the petitioner prays that further proceedings in the District Court

of Wyandotte County, Kansas, be discontinued, and that this action be removed to the United States District Court for the District of Kansas.

          HASTY & ASSOCIATES, LLC

          _____
          Paul Hasty, Jr.      KS # 09132
          7101 College Blvd., Suite 350
          Overland Park, KS 66210
          Telephone:  (913) 317-8068
          Facsimile:   (913) 317-8058
          Email:       phasty@hastyassoc.com

          **ATTORNEYS FOR PETITIONER / DEFENDANT COUNTRY PREFERRED INSURANCE COMPANY**

STATE OF KANSAS   )
                        ) ss:
COUNTY OF JOHNSON )

Paul Hasty, Jr., of lawful age, being first duly sworn upon his oath states that he is the attorney for defendant, Country Preferred Insurance Company, the petitioner herein; that he has read and knows the contents of the foregoing and attached Notice of Removal to the United States District Court for District of Kansas, that the matters, facts and allegations contained in said Notice of Removal are true as he verily believes.

          _____
          Paul Hasty, Jr.

Subscribed and sworn to before me this 29th day of August, 2014.

          _____
          Notary Public

Melissa Sneed
Notary Public
State of Kansas
My Commission Expires
September 12, 2016

3

My Appointment Expires: _9-12-2016_

I hereby certify that on the 29 day of August, 2014, I electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants, with a copy sent via U.S. Mail to:

William P. Ronan, III
Indian Creek Corporate Campus
10740 Nall, Suite 160
Overland Park, KS 66211
***wpr@theronanlawfirm.com***

**ATTORNEYS FOR PLAINTIFF**

_____
Paul Hasty, Jr.
For The Firm

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

BRIAN MARTIN )
)
    Plaintiff, )   Case Number: 14 CV 715
)    Division: 2
v. )
)
JANE DOE )
)
and )
)
COUNTRY PREFERRED INSURANCE COMPANY )
)
    Defendants. )

## SUMMONS

To the above-named Defendant: **Country Preferred Insurance Company:**

You are hereby notified that an action has been commenced against you in this Court. You are required to file your Answer to the Petition with the Court and to serve a copy upon the Plaintiff's attorney as follows:

    Name:    William P. Ronan, III
                  The Ronan Law Firm
    Address:  10740 Nall Ave., Suite 160
                  Overland Park, Kansas 66211
                  (913) 652-9937

Said Answer must be filed by September 19, 2014, which is not less than 40 days from the date the Summons is served on the Kansas Insurance Commissioner.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached Petition, which is incorporated herein by reference. Any related claim which you may have against the Plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

                                              KATHLEEN M. COLLINS
(Seal)                                    Clerk of the District Court

Dated: 7-30-14                    By: _____
                                             Deputy

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

BRIAN MARTIN )
        Plaintiff, ) Case Number: 14 CV 715
) Division: 2
v. )
)
JANE DOE )
)
and )
)
COUNTRY PREFERRED INSURANCE COMPANY )
1701 North Towanda Ave. )
Bloomington, Illinois 61701 )
)
        Defendants. )

## PETITION

COMES NOW Plaintiff Brian Martin, by and through his attorney of record, William P. Ronan, III, and for his causes of action against Defendants states and alleges as follows:

1. Plaintiff is a resident of Johnson County, Kansas.

2. Defendant Jane Doe slammed in to the back of the vehicle in which plaintiff was a passenger in Wyandotte County, Kansas, causing plaintiff to suffer serious permanent injuries. Defendant Jane Doe then fled the scene of the collision.

3. Defendant Country Preferred Insurance Company (hereinafter "the insurance company") is an insurance company doing business in Kansas. Country Preferred Insurance Company can be served with process at 1701 North Towanda Ave., Bloomington, Illinois or by serving the Kansas Insurance Commissioner.

4. Jurisdiction and venue are proper in this court in that the motor vehicle collision which is the subject of this litigation occurred in Wyandotte County, Kansas, and the amount in controversy exceeds seventy-five thousand dollars ($75,000).

## BACKGROUND

5. On Wednesday, March 27, 2013, at approximately 12:30 a.m., the plaintiff was a

front seat passenger in a 2010 Honda Civic owned by his mother, Allene Martin. The vehicle was being driven by Douglas J. Fitzgerald, a named insured on the insurance policy at issue in this case.

6. The vehicle in which the plaintiff was a passenger turned left, or west, out of the Quick Trip parking lot, located at 3101 Southwest Boulevard, onto westbound Southwest Boulevard. As the Honda Civic proceeded westbound on Southwest Boulevard, another vehicle, being driven by an unknown person (referred to herein as "Jane Doe"), traveling at a high rate of speed, slammed into the back of the Honda Civic causing the Honda Civic to careen out of control and slam into a light pole.

7. The force of the impacts jolted the plaintiff about violently within the small car, causing serious permanent injuries to his head, neck, back, shoulders and hips. The impacts also caused a worsening of plaintiff's underlying seizure problem.

8. After slamming into the rear of the Honda Civic, the other driver, (referred to herein as "Jane Doe"), sped off and did not stay at the scene of the wreck.

9. The identity of the driver of the vehicle that slammed into the back of the Honda Civic is unknown.

10. This crash was investigated by the Kansas City, Kansas Police Department. At the conclusion of their investigation, it was determined that the wreck was caused because "driver number 1 (unknown) exceeded the posted speed limit".

## COUNT I - NEGLIGENCE AGAINST JANE DOE

11. Plaintiff hereby incorporates herein by reference each and every previously pled paragraph.

12. Defendant Jane Doe had a duty to drive in a safe, careful manner. Defendant Jane

2

        Doe violated that duty and that violation caused injuries, damages, harms and losses to the plaintiff.

13. Defendant Jane Doe was negligent in the following respect:

    a. failing to keep a careful lookout;

    b. failing to keep her vehicle under proper control and drive within the range of her vision so that her vehicle could be stopped, slowed or turned to avoid colliding with the vehicle in which plaintiff was a passenger;

    c. driving at an unreasonable speed given the existing conditions;

    d. following too closely behind the vehicle in which plaintiff was a passenger;

    e. failing to exercise ordinary care in the operation of a motor vehicle;

    f. and in other respects.

14. As a direct and proximate result of defendant Jane Doe's negligence, plaintiff has suffered permanent and progressive injury to his head, neck, back, shoulders and hips. Plaintiff has also incurred past medical bills for reasonable and necessary treatment, and future medical treatment for plaintiff's injuries will be necessary.

15. Also as a direct and proximate result of defendant Jane Doe's negligence, Plaintiff has also suffered lost wages; past present and future pain and suffering; past, present and future emotional distress; lost enjoyment of life; lost past, present and future household contributions; and future medical care, treatment and expenses, in an amount unknown at this time.

## COUNT II - BREACH OF UNINSURED MOTORIST INSURANCE CONTRACT

16. Plaintiff hereby incorporates herein by reference each previously pled paragraph.

17. Plaintiff's mother, Allene Martin, purchased an insurance policy from the defendant insurance company for automobile coverage, which policy included coverage for

occupants in her car (the 2010 Honda Civic, described above) who are injured due to the negligence of an uninsured motorist. Said policy had effective dates of February 17, 2013 through August 17, 2013.

18. The policy at issue in this case covered the above-referenced, 2010 Honda Civic VIN Number 322893, which was an insured motor vehicle.

19. Defendant insurance company issued that insurance policy, number P15A5330676, to Douglas J. Fitzgerald and Allene Martin as named insureds.

20. The above referenced policy was in full force and effect on the date of the auto collision referenced above.

21. Allene Martin and/or Douglas Fitzgerald paid premiums for said insurance coverage, including uninsured motorist protection with policy limits in the amount of one hundred thousand dollars ($100,000) per person, and in the amount of three hundred thousand dollars ($300,000) per occurrence, and thus plaintiff and is entitled to compensation for his harms and losses described herein from the defendant insurance company.

22. On March 27, 2013, plaintiff was a passenger in Allene Martin's insured vehicle, the 2010 Honda Civic, and he was seriously injured as a result of the negligence of an uninsured motorist.

23. Plaintiff was an insured under the coverage of said policy on the date of this crash.

24. Plaintiff sustained serious bodily injury as a result of Defendant Jane Doe's negligent operation of her motor vehicle.

25. Defendant Jane Doe is legally liable for plaintiff's bodily injury.

26. Defendant Jane Doe was an uninsured owner or operator of a motor vehicle at the time of the herein described collision as provided in the insurance policy between

Allene Martin/Douglas J. Fitzgerald and defendant insurance company.

27. All conditions precedent to the liability of defendant insurance company under Allene Martin/Douglas J. Fitzgerald's uninsured policy have been met.

28. Plaintiff is legally entitled to recover damages from the uninsured defendant Jane Doe and is owed benefits under the herein identified uninsured policy for his injuries, harms and losses.

29. Plaintiff has incurred over $37,000 in medical bills for treatment of injuries he suffered in the collision described above.

30. Plaintiff suffered emotional distress related to this car wreck.

31. On or about February 27, 2014, plaintiff sent defendant insurance company a demand for settlement of his claim under the uninsured provision of the above referenced insurance policy.

32. Defendant insurance company has failed and refused to reasonably pay its policy limits to settle this case.

33. Defendant insurance company has failed to reasonably settle under, and in accordance with, the terms of the uninsured contract it has with Allene Martin/Douglas J. Fitzgerald.

34. Defendant insurance company has breached its contract of insurance coverage with Allene Martin/Douglas J. Fitzgerald and is legally liable for plaintiff's damages in this lawsuit.

35. Defendant insurance company's refusal to pay the policy limits for the harms and losses suffered by plaintiff due to this wreck was without reasonable cause or excuse.

36. As a proximate result of that breach, plaintiff has suffered additional harms, losses

and damages.

37. As a direct and proximate result of defendant insurance company's refusal, plaintiff is entitled to additional damages.

WHEREFORE, plaintiff prays for Judgment against the defendants in an amount in excess of $75,000, for attorney's fees pursuant to K.S.A. 40-908 and for such other and further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to K.S.A. 60-238, plaintiff demands a trial by jury on any issue triable of right by a jury.

Respectfully submitted;

William P. Ronan, III     KS#10594
                                     MO#47594
The Ronan Law Firm
Indian Creek Corporate Campus
10740 Nall Ave., Suite 160
Overland Park, Kansas 66211
Telephone (913) 652-9937
Facsimile (913) 385-9422
Email: wpr@theronanlawfirm.com
ATTORNEY FOR PLAINTIFF